Melvin Lewis, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Pennsylvania Liquor Control Board, Respondents.

Argued December 8, 1978, before Judges CRUM-LISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Sylvan D. Einhorn,* for appellant.

*John E. O'Connor,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 25, 1979:

The Pennsylvania Workmen's Compensation Appeal Board (Board) affirmed a referee's dismissal of Melvin Lewis's claim for compensation under The Pennsylvania Workmen's Compensation Act[1] (Act) for a back injury he allegedly sustained in an "accident" which occurred during the course of his employment with the Pennsylvania Liquor Control Board (Employer). Melvin Lewis appeals. We affirm.

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

The referee found that Claimant-Lewis failed to meet his burden of proof:[2] the medical evidence offered by Lewis did not establish that he suffered a compensable injury as a result of an "accident" in the course of his employment as provided in Section 301(c) of the Act.[3]

The burden of proof and the Court's scope of review is undisputed. If the burdened party fails below, the question on appeal is whether the referee capriciously disregarded competent evidence. That the referee chooses to believe a witness is not capricious conduct; only when the referee deliberately disbelieves "undoubted testimony or evidence from an apparently trustworthy source as would be repugnant to a man of reasonable intelligence" may we find that he has acted in a capricious manner. *Kuchinski v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 210, 212, 392 A.2d 348, 349 (1978).

Considering the following facts of record, we are satisfied that the referee did not capriciously disregard competent evidence in making his findings and conclusions: first, there is nothing in the record to

---

[2] The incident involved in this case occurred prior to the effective date of the 1972 Amendments and is governed by the Act as it existed at the time of the incident, namely, September 17, 1970.

[3] Under the Act as it applied prior to the 1972 Amendments the claimant had to establish that he suffered a "personal injury by an accident" within the meaning of Section 301(c) of the Act, 77 P.S. §411. There are four categories of compensable accidents recognized under the statute by the Court:

(1) a sudden unexpected traumatic event, such as a fall or blow;

(2) unusual exertion in the course of work causing an unexpected or sudden injury;

(3) an unusual pathological result of an ordinary condition of work; and

(4) a sudden and unexpected injury caused by the failure of the employer to furnish medical care to the employee. *Verabish v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 5, 330 A.2d 542 (1975).

support the allegation that the injury Lewis sustained on September 17, 1970, was the result of an "accident" compensable under the Act;[4] second, Lewis failed to submit medical testimony to conclusively establish that there is a causal connection between his alleged injury of September 17, 1970, and his present disability. Contrariwise, Employer's medical expert testified that in his opinion the injury of September 17, 1970, was not causally related to Lewis's existing disability.

Accordingly, we

ORDER

AND Now, this 25th day of May, 1979, the order of the Workmen's Compensation Appeal Board dated March 17, 1977, denying benefits to Melvin Lewis, is hereby affirmed.

---

[4] Section 301(c) of the Workmen's Compensation Act, 77 P.S. §411: see n. 3, supra.