Sophia A. Kania, Petitioner *v.* Ebensburg State School and Hospital, Department of Public Welfare, Respondent.

Argued November 15, 1979, before Judges CRUM-
LISH, JR., DiSALLE and CRAIG, sitting as a panel of
three.

Submitted on briefs:

*Timothy P. Creany,* for petitioner.

*James S. Marshall,* Assistant Attorney General,
for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 30,
1980:

Sophia A. Kania appeals a decision of the Depart-
ment of Public Welfare denying her benefits in the
nature of workmen's compensation for her failure to
prove the causal relationship of her disability to a
work incident.[1]  After consideration of her appeal,
we affirm.

Kania, a Vocational Adjustment Aide II at Ebens-
burg Center, was assaulted by a resident.  Following
one month of recuperation, she returned to full time.
One year later she contracted pneumonia and suffered
a kidney disorder whereupon she left her job.  She
then sought benefits claiming recurrence of the orig-
inal disability of January 17, 1975.

---

[1] Section 1 of the Act of December 8, 1959, P.L. 1718, *as
amended,* 61 P.S. §951, provides disability benefits above the amount
under workmen's compensation to certain state employees injured
in high risk employment.

By analogy to our scope of review in workmen's compensation cases, the narrow issue is whether the Department capriciously disregarded competent evidence as to causation. *Lewis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979). A capricious disregard amounts to a willful or deliberate ignoring of evidence which a reasonable person would consider important. *DiCamillo v. City of Philadelphia*, 16 Pa. Commonwealth Ct. 402, 328 A.2d 223 (1974).

Kania contends that her claim has been substantiated by unequivocal medical testimony. The hearing examiner, whose exclusive function it is to determine questions of evidentiary weight and matters of credibility, concluded that the evidence submitted was insufficient to establish the alleged causal connection.

Dr. Silenskey, in a letter to claimant submitted for support, stated:

> It is my opinion that although the arthritis was present on the examination of February 5, 1975, that the pre-existing condition was aggravated by the injury to your back of January 17, 1975.

An injury could aggravate a pre-existing condition without consequent disability. This report, in itself, fails to causally relate the present disability to the traumatic incident.

Dr. Scanlon's reports for Kania related the disability to the work incident but the hearing examiner, in the proper exercise of his discretion, chose to base his decision on contrary evidence of record.

The hearing examiner adequately discussed the medical reports by Kania on this issue and his conclusions will not be disturbed by us if they are, as here, made without a capricious disregard of evidence.

Accordingly, we

Order

And Now, this 30th day of January, 1980, the order of the Department of Public Welfare is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.