Rita Matakonis, Widow of Leonard Matakonis, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Interstate Motor Freight, Respondents.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*Joseph A. Lach, Lenahan, Dempsey & Piazza,* for Interstate Motor Freight, respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 7, 1980:

The Pennsylvania Workmen's Compensation Appeal Board affirmed the referee's dismissal of a widow's fatal claim petition for compensation on the ground that her husband's death, while employed as a dispatcher for Interstate Motor Freight, was a natural progression of chronic, degenerative heart disease, complicated by an acute myocardial infarction, and quite unrelated to work activities or conditions.[1] We affirm.

Where the question in a workmen's compensation case is whether death was a product of a work-related

---

[1] Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), requires an "injury arising in the course of his employment" for workmen's compensation.

injury, a pre-existing pathology, or both, "the claimant must establish by unequivocal medical evidence that the decedent's work activities aggravated the pre-existing condition thereby contributing to his death." *Modern Transfer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 592, 597, 408 A.2d 900, 901 (1979). A claimant need not show the precise cause of death or even the degree to which death was work-related, but must establish, within a reasonable degree of medical certainty, that decedent's work activity or conditions either triggered or influenced his death by an aggravation of the pre-existing pathology. *Modern Transfer v. Workmen's Compensation Appeal Board, supra. Also see American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977), and *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976).

The sole issue for resolution is this: whether the referee capriciously disregarded competent medical evidence by failing to establish a causal connection between decedent's work and his death.[2]

Three qualified medical experts testified before the referee on the causation issue: Dr. Mohammed Safdar Ali, decedent's attending physician, testified by

---

[2] Where the party with the burden of proof below fails to establish a claim for workmen's compensation benefits, the question on appeal is whether the referee capriciously disregarded competent evidence in reaching the contested decision. The "capricious disregard of competent evidence" can only be found where the referee willfully and deliberately ignores evidence that a person of ordinary and reasonable intelligence would deem important in reaching a decision. *Kania v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 136, 410 A.2d 939 (1979) ; *Ulmer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 607, 408 A.2d 902 (1979) ; *Lewis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979).

deposition that Matakonis suffered from essential hypertension with high blood pressure, arteriosclerosis, and an earlier "silent" infarction. To this, the referee found that he "spoke of no relationship whatever between decedent's chest pains of March 9, 1977, his myocardial infarction, his subsequent death, and his work or any complaints thereof." Dr. Mohammed Munir testified in response to a hypothetical question that the heart attack was "aggravated and precipitated by frustrations and the anger that he was experiencing at his job." The referee rejected this medical opinion because the hypothetical question did not include testimony that the decedent was tired and complained of pain *before* he left for work on the date of the incident. After reviewing the record and the same hypothetical question, Dr. Milton Goldstein testified that death from the acute myocardial infarction was a natural progression of chronic degenerative heart disturbances. The referee accepted this opinion and denied benefits.

Since the referee alone has heard the testimony and observed witnesses firsthand, their veracity and credibility is strictly within the fact-finding referee's judgment as long as competent evidence lends support for the conclusions. *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977); *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

Claimant argues that the referee's decision is unsupported by substantial evidence, ignored her son's testimony, misinterpreted Dr. Ali's testimony to say there was "no" relationship between employment and death, and inconsistently accepted and denied the testimony of Drs. Goldstein and Munir respectively, though in response to the same hypothetical.

Claimant's son testified that decedent complained on March 10th of a "terrific pain in his chest" beginning "last night at work," while the widow clearly asserted that her husband was tired and complained of pain before he went to work on March 9th. To our review, the referee competently found that neither claimant nor her son could relate the cause of death to work activity or conditions. Moreover, the record discloses without reasonable challenge that decedent's treating physician provided no opinion upon which one might establish causation. As to the hypothetical question issue, we must conclude that it failed to incorporate a more accurate medical history as well as relevant facts established by testimony, and that the referee was well within his discretion to disallow Dr. Munir's testimony on this basis. However, we can find no reasonable support for the acceptance of Dr. Goldstein's opinion based on the same hypothetical. Given this picture of medical evidence, we are unable to find either substantial evidence to support causation or a capricious disregard of competent evidence by the referee.

Accordingly, we

ORDER

AND Now, this 7th day of July, 1980, the order of the Workmen's Compensation Appeal Board, dated June 13, 1979, is affirmed.