Gregory Nunley, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Warren Evans, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Louis Lessem,* with him *Julia K. Johnson,* for petitioners.

*Carol A. Genduso,* Assistant Attorney General, with her, *Amy Zapp,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, September 15, 1980:

Gregory Nunley (Nunley) and Warren Evans (Evans) appeal from fair-hearing decisions of the Department of Public Welfare (DPW), which denied them benefits because they had failed to retain bona fide employment without good cause. We affirm both decisions.

Nunley, who was receiving general assistance benefits through the Allegheny County Board of Assistance (ACBA), accepted a job on September 8, 1978, at a wage rate of $4 per hour. On September 21, 1978, his employer told him that his wages would be reduced

to $3.50 per hour[1] because his work product was insufficient. Nunley refused to accept this reduction in pay, and his employment was consequently terminated. When ACBA learned of Nunley's employment and subsequent departure, it concluded that he had left his employment without good cause and terminated his benefits. This termination was affirmed at all levels by the welfare authorities, and Nunley's appeal followed.

Evans, also a recipient of benefits through ACBA, began working on September 30, 1978 but left his employment on October 5, 1978, allegedly because he was afraid of a co-worker. As in Nunley's case, ACBA determined that Evans did not have good cause to leave the employment and terminated his benefits. His termination was similarly affirmed at all levels and appealed to this Court, where it was consolidated with Nunley's appeal.

Nunley and Evans (petitioners) argue that they did not willfully and without cause terminate their employment for the purpose of qualifying for assistance and thus were not subject to termination of assistance under 55 Pa. Code §165.23(e)(3).[2]

---

[1] Nunley alleges, in some instances, that the reduction was to $3 per hour and, in other instances, that the reduction was to $3.50 per hour. The employer contends, and the hearing examiner found, that the reduction was to $3.50.

[2] 55 Pa. Code §165.23(e)(3) reads, in pertinent part:

(3) *Failure to retain bona fide employment or training.* Any nonexempt person, who willfully and without good cause as set forth in subsection (f)(2) of this section voluntarily terminates or reduces earning capacity for the purpose of qualifying for assistance or for a larger amount of assistance or terminates his participation in a vocational rehabilitation or training program, including the WIN program, will be ineligible for assistance for at least 30 days and will remain ineligible thereafter until such time as the person is willing to comply with the employment require-

We begin by noting that both parties have improperly argued that the standard on review is whether there is substantial evidence to support the findings. Under Section 165.23(e)(3),

> [i]f the circumstances surrounding the termination or reduction of employment are suspicious—for example, the period of time between the termination or reduction and the application or request for increased assistance is a short period of time—or the information presented at the time raises question as to whether the applicant/recipient has terminated or reduced employment for the purpose of obtaining assistance or a larger grant, the applicant/recipient shall be responsible for presenting information to support that he did act in good faith with no intent to qualify for assistance or a larger grant.

Thus, a presumption of lack of good faith and intent to qualify for assistance is created and the burden of proof shifts to the applicant/recipient when, as here, the circumstances surrounding the termination of employment are suspicious. Since the petitioners, as the parties with the burden of proof, did not prevail below, our scope of review is whether there has been a capricious disregard of competent evidence. *Kania v. Ebensburg State School and Hospital,* 49 Pa. Commonwealth Ct. 136, 410 A.2d 939 (1980); *Lewis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979).

Turning first to the evidence produced by Nunley to meet his burden, we find no capricious disregard of competent evidence. Under 55 Pa. Code §163.23, em-

---

ments. The 30-day period of ineligibility will begin, for applicants, from the date of failure to retain employment or training and will begin, for recipients, from the date assistance is discontinued.

ployment can only be refused for good cause, which is defined in pertinent part as follows:

> The working conditions are substandard, that is, the place of employment is not free of recognized hazards that are causing or are likely to cause death or serious physical harm, or *the wages paid are below the minimum wage if applicable for that type of employment or are below the prevailing wage normally paid in the community for the specific kind of employment.*

55 Pa. Code §163.23(f)(2)(iii). (Emphasis added.) The record indicates that Nunley was offered continued employment at a rate of $3.50. Although this represented a lesser rate than that at which he had originally been hired, the record discloses that it was comparable to the prevailing wage rate for the type of work he was doing and was above the minimum wage set by law.[3] Nunley admits that he refused to work solely because he did not wish to work for less than $4 per hour. Since the record indicates that Nunley found the work to be suitable, except for wages, and since the wages were not objectionable under the good-cause test set forth at 55 Pa. Code §165.23(f)(2), we hold that Nunley did not have good cause to terminate his employment or refuse the offer of continued employment at a rate of $3.50 per hour.

Although Nunley argues that he did not terminate his employment for the purpose of obtaining assistance, his own testimony indicates that he chose to receive general assistance rather than work for $3.50 per hour. Moreover, the hearing examiner, who determines questions of evidentiary weight and matters of credibility, concluded that the evidence submitted was insufficient to meet Nunley's burden. Consequently,

---

[3] The Minimum Wage Act of 1967, Act of January 17, 1968, P.L. 11, *as amended,* 43 P.S. §333.104.

absent a capricious disregard of evidence, which we do not find, the hearing examiner's conclusion will not be disturbed. *Kania v. Ebensburg State School and Hospital, supra.*

Turning next to Evans' presentation of evidence, we again find no capricious disregard of evidence. At his hearing, Evans alleged that he quit his employment because a co-worker had thrown a meat fork at him. A county assistance officer testified, however, that Evans had originally told the officer that his reasons for leaving included harassment, racial discrimination, and problems with his pay, but that Evans had adopted the meat fork story on appeal. The hearing examiner considered these conflicts, accepted the county assistance officer's testimony, and determined that the evidence submitted was insufficient to meet Evans' burden. Absent here a capricious disregard of evidence, we affirm the Department of Welfare. *Kania v. Ebensburg State School and Hospital, supra.*

ORDER

Now, this 15th day of September, 1980, the orders of the Department of Public Welfare, dated December 6, 1978 and January 31, 1979, affirming the termination of public assistance benefits to Gregory Nunley and Warren Evans, are hereby affirmed.