Dale Boughter, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 21, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Joseph Kearney,* for petitioner.

*Edward P. Carey,* Assistant Attorney General, with him *James S. Marshall,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., December 22, 1980:

This is an appeal from an order of the Hearing and Appeals Unit of the Department of Public Welfare (DPW) affirming the recommendation of the hearing examiner which upheld the Youth Development Center's (YDC) decision to discontinue petitioner's Act 534[1] benefits. Act 534 provides, *inter alia,* that any employe of a YDC under the DPW

---

[1] Section 1 of the Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §951. The benefits provided by this act supplement the compensation and payment of medical/hospital bills au-

"who is injured during the course of his employment by an act of any inmate or any person confined in such institution . . . shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department."

The relevant facts as found by the hearing examiner are as follows. Petitioner had been employed by the DPW's YDC as a Houseparent. He had been receiving benefits as of July 8, 1977 as a result of an injury sustained on July 7, 1977 when a student of petitioner kicked a chair which struck petitioner's left knee. The benefits were predicated on the report of an orthopedic surgeon which indicated that petitioner was totally and permanently disabled.

On October 6, 1978, pursuant to DPW Manual Section 8453.54,[2] the YDC forwarded to the orthopedic surgeon a job description list of light/limited duties and requested a medical opinion as to petitioner's ability to perform such light duties.

On October 16, 1978, the orthopedic surgeon, after examining petitioner on October 13, indicated in a written report to the YDC that petitioner was able to work at a central switchboard.

Based on the medical report, the personnel office of the YDC notified petitioner by certified letter

thorized an employee under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S §1 et seq.

[2] This regulation may be found at 7 Pa. B. 1484 (1977) and reads as follows:

*8453.54   Utilization of employe's services*

Although an employe may not be able to resume regular duties in the classification for which he was appointed he should, with the concurrence of his physician, be required to work full or part time in another capacity compatible with his physical capabilities.

dated October 27, 1978 that benefits had been terminated effective October 26, 1978 and that he had been placed on annual leave status. On November 27, 1978 petitioner was released for failure to report to work.

The hearing record was left open for 90 days to provide for the submission of additional documentation. During this period, petitioner submitted a psychiatric report dated October 10, 1978 wherein the psychiatrist concluded that petitioner would be unable to hold "most jobs."

After considering the evidence, the hearing examiner concluded that (1) petitioner was able to assume the duties of central switchboard operator on October 26, 1978; and (2) petitioner's physical and mental disabilities were not causally related to the July 7, 1977 injury suffered at the YDC.

It is the petitioner's position that the psychiatric evidence was not given its proper weight; that his psychological problems were causally related to the July 7, 1977 injury; and that therefore the decision of the hearing examiner was erroneous. In the alternative, petitioner urges that the case be remanded to enable him to establish the requisite causal connection.

Initially, we note that where, as here, the burdened party fails below, the question on appeal is whether the hearing examiner capriciously disregarded competent evidence. *Kania v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 136, 410 A.2d 939 (1980), citing with approval *Lewis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979).

We emphasize that it is the hearing examiner who must resolve evidentiary conflicts, and it is not the function of the reviewing court to judge the weight and credibility of the evidence. *Palmer v. Depart-*

*ment of Public Welfare,* 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972). That the hearing examiner chooses to attach great weight to certain evidence is not capricious conduct. Rather, capricious conduct exists only when a fact finder deliberately ignores evidence which a reasonable person would consider important. *Kania, supra* citing with approval *Di-Camillo v. City of Philadelphia,* 16 Pa. Commonwealth Ct. 402, 328 A.2d 223 (1974).

Here, a reading of the hearing examiner's adjudication reveals that he assessed the credibility of all reports submitted into evidence. His decision to credit the report of the orthopedic surgeon, dated October 16, 1978, above that of the psychiatrist was a reasonable one in view of the history of the surgeon's relationship to petitioner, and because the surgeon was the only physician to examine petitioner specifically with regard to his ability to perform the duties of a switchboard operator.

With respect to the psychiatric evidence, the hearing examiner properly concluded that the report submitted was insufficient to establish a causal link between petitioner's psychological problems and the original Act 534 injury. We must reiterate that "unequivocal medical evidence, not based on mere possibilities" must be produced to establish the relationship "where no obvious causal relationship exists." *Heffer v. GAF Corp.,* 29 Pa. Commonwealth Ct. 365, 366-67, 370 A.2d 1254, 1255 (1977) quoted with approval in *Trumpikas v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 130, 134, 412 A.2d 218, 220 (1980). Because a causal relationship is not obvious here and because the instant report failed to establish such a relationship, we must conclude that the hearing examiner did not act capriciously in weighing and rejecting this evidence.

Finally, because we are satisfied that the adjudication was made in accordance with the law and that the conclusions of the hearing examiner are supported by substantial evidence, we see no need to remand this case. *See, State Real Estate Commission v. Bewley,* 1 Pa. Commonwealth Ct. 85, 272 A.2d 531 (1971).

The order must therefore be affirmed.

Accordingly, we will enter the following

ORDER

AND Now, December 22, 1980, the order of the Department of Public Welfare's Hearing and Appeals Unit, in the appeal of Dale Boughter, dated April 27, 1979, is hereby affirmed.