Wilbert Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Consolidation Coal Company, Respondents.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Margaret Bloush,* with her *J. Scott Leckie,* and *Kenneth J. Yablonski,* for petitioner.

*Daniel L. Fassio,* with him *Andrew Schmidt, Michael W. Balfe,* and *Andrew Rose, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty,* for respondent, Consolidation Coal Company.

OPINION BY JUDGE MENCER, February 26, 1981:

In this workmen's compensation appeal, the sole issue is whether the referee's decision denying bene-

fits is deficient as a matter of law because the referee failed to rule on the admissibility of hospital records offered by the defendant. We hold that it is not and affirm.

Wilbert Thomas (claimant) filed a petition claiming that he was totally disabled due to coal worker's pneumoconiosis. At the hearing, both claimant and Consolidation Coal Company (employer) introduced conflicting testimony from doctors. In addition, employer sought to introduce some hospital records of claimant. Claimant objected on hearsay grounds, and the referee reserved his ruling. The referee's decision denying the claim made no mention of the disputed hospital records, and claimant appealed. Upon the Board's affirmance, this appeal followed.

Claimant's argument is meritless. It is a long-established rule that hospital records are admissible into evidence as an exception to the hearsay rule, under both Section 2 of the Uniform Business Records as Evidence Act[1] and Section 422 of The Pennsylvania Workmen's Compensation Act.[2] *Scannella v. Salerno Importing Co.*, 2 Pa. Commonwealth Ct. 11, 275 A.2d 907 (1971).

Even if the records were hearsay not subject to an exception, nevertheless our Supreme Court has held that, where the facts are sufficiently established by circumstantial evidence, hearsay testimony, if not inconsistent, may be considered for the additional light, if any, that it throws upon the matter. *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972). *See also Hatboro-Horsham School District v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth

---

[1] Act of May 4, 1939, P.L. 42, *formerly* 28 P.S. 91b, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1212]. A similar provision is now found at 42 Pa. C. S. §6108(b).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §835.

Ct. 73, 384 A.2d 1050 (1978); *Nesbit v. Vandervort & Curry,* 128 Pa. Superior Ct. 58, 193 A. 393 (1937). Here, the hearsay testimony was not inconsistent with the testimony of three employer doctors who independently and *directly* established adequate support for the referee's findings.

We must also keep in mind our scope of review in this situation because it affects the validity of claimant's argument. Since claimant had the burden of proof below and did not prevail, we must sustain the referee's findings if they can be sustained without a capricious disregard of competent evidence. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 436, 415 A.2d 1275 (1980). Employer, not having the burden of proof, had no obligation to present evidence. Thus, in fulfilling our scope of review obligation, we must examine the record to determine whether the referee, in reaching his decision, wilfully or deliberately disbelieved an apparently trustworthy witness favorable to claimant whose testimony one could not possibly challenge. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

In view of the fact that employer presented the testimony of three doctors, all of whom stated that claimant was not disabled, we cannot say that the referee capriciously disregarded competent testimony supporting claimant's contention that he was disabled. It is axiomatic that questions of credibility are left to the referee, *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976), and the fact that the referee believes the testimony of one doctor over that of another is not a capricious disregard of the evidence. *Stouffer v. Jones Motor Co.,* 54 Pa. Commonwealth Ct. 58, 419 A.2d 820 (1980).

Accordingly, we enter the following

ORDER

Now, this 26th day of February, 1981, the order of the Workmen's Compensation Appeal Board, dated June 21, 1979, affirming the referee's denial of benefits to Wilbert Thomas, is hereby affirmed.

