Anthony Aversa, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hygrade Meats, Respondents.

Argued November 20, 1981, before Judges WIL-
LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel
of three.

*William E. Averona,* for petitioner.

*John C. Janos,* with him *Joseph R. Thompson,* for
respondent, Hygrade Meats.

OPINION BY JUDGE PALLADINO, December 31, 1981:

Petitioner (Claimant-employe) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits to Claimant pursuant to Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1). We affirm the Board's order.

Before the referee Claimant asserted that in May of 1974 he injured his back while working and consequently underwent back surgery. During his postoperative recovery period Claimant received health and accident benefits from his employer, but did not seek, and thus did not receive, workmen's compensation benefits. In April of 1975 Claimant returned to work, initially performing light duties and later performing his regular, pre-injury assignments. Claimant further testified that in May of 1976 he again injured his back while working and became unable to continue his employment.

The issue before this Court is whether Claimant's inability to work has resulted from an injury suffered in the course of employment or, as the referee and Board found, from the natural progression of a debilitating, non-occupational disease.

In workmen's compensation cases the claimant must prove his eligibility for benefits. *Thomas v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 117, 425 A.2d 1192 (1981); *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). "[A] claimant's right of recovery is dependent upon the successful establishment that the injury occurred in the course of employment and is related thereto." *Halaski v. Hilton Hotel,* 487 Pa. at 318, 409 A.2d at 369; Section 301(c)(1) of the Act. If the causal nexus between a claimant's injury and his employment is not obvious, "causality must be established by unequivocal

medical testimony." *Breen v. Pennsylvania Crime Commission,* 52 Pa. Commonwealth Ct. 41, 44, 415 A.2d 148, 149 (1980); *Matakonis v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 567, 415 A.2d 1286 (1980). "[T]he claimant is entitled to recovery if he . . . can establish by competent medical evidence that the disability resulted from the new injury, and not from the normal progress of the pre-existing physical defect." *Halaski v. Hilton Hotel,* 487 Pa. at 318, 409 A.2d at 369; *Matakonis.*

Because the party with the burden of proof has not prevailed below, this Court's scope of review consists of determining whether the factual findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981).

In this appeal Claimant contends that the referee not only capriciously disregarded competent medical evidence of a work-connected injury but also failed to remain impartial during the hearings conducted before him.

Where the Board has not taken evidence, the referee is the ultimate fact-finder who must assess the credibility of the witnesses and weigh the evidence presented. *Colt Industries v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 296, 415 A.2d 972 (1980). In the present case the referee heard and evaluated the conflicting testimony of several witnesses including an orthopedic surgeon who testified on behalf of Claimant, and an orthopedic surgeon who testified on behalf of Claimant's employer (Respondent).

Claimant's orthopedic surgeon diagnosed Claimant's post-operative condition as a "post laminectomy syndrome and adhesions" and added that Claimant

remained "symptomatic." The surgeon also maintained that Claimant's disability was precipitated by a trauma-induced herniated disk. However, Respondent's orthopedic surgeon diagnosed Claimant's postoperative condition as "severe degenerative joint disease and intervertebral disk disease of the lumbosacral spine [which is] . . . a gradual wearing out of the tissues of the low back including the joints and the disks . . . [which occurred] over a period of decades." Respondent's doctor additionally asserted that Claimant's "problem is related to a progressive degenerative joint disease and [is] not related to any one episode of trauma."

The referee elected to accept the medical opinion of Respondent's testifying surgeon rather than that of Claimant's doctor. "Where . . . the referee has simply chosen to believe the testimony of one doctor over that of another he cannot be said to have capriciously disregarded competent evidence." *Redmond v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 164, 420 A.2d 766, 768 (1980); *Phillips v. Butler County Mushroom Farm, Inc.,* 52 Pa. Commonwealth Ct. 219, 415 A.2d 935 (1980). "Furthermore, the referee is not required to state his reason for accepting one medical opinion over another opinion. The fact that the referee is inclined to believe one opinion over another is sufficient." *Colt Industries v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. at 299, 415 A.2d at 974.

Concerning Claimant's argument that the referee was biased, a careful review of the record has not disclosed any evidence of prejudice or the appearance of impropriety. A case will be remanded only where, as in *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 113, 420 A.2d 37 (1980), "the record . . . has memorialized an occurrence . . . [which] [t]o any objective eye . . . [could]

leave only one impression: that the referee stepped out of his role as an impartial fact-finder and assumed the role of an advocate...." *Id.* at 117 and 119, 420 A.2d at 39 and 40.

Accordingly, we will enter the following

ORDER

AND Now, December 31, 1981 the order of the Workmen's Compensation Appeal Board, Docket No. A-77914, is affirmed.