Michael E. Karsaba, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Steel Corporation), Respondents.

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Stephen L. Dugas, Galss, Galss & Dugas,* for petitioner.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for respondent, Bethlehem Steel Corporation.

OPINION BY JUDGE DOYLE, January 21, 1983:

This is an appeal by Michael E. Karsaba (Claimant) of a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of compensation benefits. We affirm.

Claimant was employed as a press operator by Bethlehem Steel Corporation (Bethlehem Steel) for approximately ten years. In January, 1980, he was hospitalized for increasing pain in his lower back and right leg. A myelogram revealed a lumbar disc lesion and a laminectomy was performed. Claimant alleged disability in the nature of a daily aggravation

of a pre-existing back condition and sought compensation benefits. After a hearing, a referee granted the employer's motion for dismissal on the grounds that Claimant failed to comply with the notice requirements in Section 311 of The Pennsylvania Workmen's Compensation Act[1] and failed also to carry his burden to prove that the back injury was work-related. On appeal, the Board affirmed that Claimant had failed to prove a work-related injury.

In workmen's compensation cases, the Claimant has the burden to prove, by competent evidence, all elements necessary to support an award. *Kistler v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980). Included is the burden to prove that the injury arose in the course of employment and was causally connected with the claimant's work. *City of New Castle v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982); *Workmen's Compensation Appeal Board v. Bowen*, 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). And the employer, not having the burden of proof, has no obligation to present evidence. *Thomas v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 117, 425 A.2d 1192 (1981).

In the case before us, Claimant presented the testimony of his physician to prove the injury and that the resulting need for surgery was caused by the daily aggravation of a pre-existing back condition. The physician's testimony, however, was equivocal and suggested the occurrence of an "acute episode" at odds with Claimant's daily aggravation theory. The referee rejected the physician's testimony as insufficient to establish a work related injury. In his role

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

as factfinder, the referee has the broad power to judge the credibility of testimony and to accept or reject all or any portion of the testimony of any witness. *Crouse v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981); *Shenango Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 3, 405 A.2d 1086 (1979). Our role, as reviewing court, is to determine whether the findings of fact are consistent with each other and with the conclusions of law, and can be sustained without capricious disregard of competent evidence. *Crouse; American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). We find no error in the referee's determination or in the Board's affirmance.

Because we agree that Claimant failed to sustain his burden to prove a work related injury, we need not address the issue of whether notice of the alleged injury to the employer was sufficient.

### ORDER

Now, January 21, 1983, the decision of Workmen's Compensation Appeal Board, No. A-80742 is hereby affirmed.