Joseph F. Ryan, Petitioner *v.* Workmen's Compensation Appeal Board (Automatic Timing & Controls Company), Respondents.

Argued April 6, 1984, before Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.*, for petitioner.

*John P. Knox*, with him, *David R. Weyl, Timoney, Knox, Hasson & Weand*, for respondent, Automatic Timing & Controls Co.

OPINION BY JUDGE PALLADINO, May 31, 1984:

Claimant, Joseph F. Ryan, appeals from a Workmen's Compensation Appeal Board (Board) decision affirming a referee's decision to deny Claimant disability benefits. We affirm.

Claimant, who was employed as a production manager by Automatic Timing & Controls Co. (Employer), became ill in April of 1976 after attending a labor negotiations meeting. Claimant's illness continued intermittently for the next nine months so as to restrict his work schedule to part-time work coupled with numerous absences. February 7, 1977, was Claimant's last day of work. He was hospitalized on June 1, 1977, for a heart catheterization and subsequently for open heart surgery. Not having worked in the interim, Claimant filed a claim petition on January 14, 1980, alleging work injuries on April 15, 1976 and February 4, 1977.

Two issues are presented for our review: first, whether there was a capricious disregard of competent evidence[1] when it was determined that no causal link existed between Claimant's heart condition and his employment, and second, whether or not the Claimant gave proper and timely notice of his disability to his Employer.

Heart related disabilities have been held to be compensable injuries under Section 301 of the Pennsylvania Workmen's Compensation Act[2] (Act), provided however, that they a) arise during the course of employment and b) are causally related thereto. *Haney v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 461, 463, 442 A.2d 1223, 1225 (1982).

There is no question that Claimant has sustained injury; to be sure, Claimant's coronary bypass operation was performed after a confirmed diagnosis was made of occlusive coronary arteriosclerosis. Conceding for the moment that the injury arose in the course of Claimant's employment, a causal nexus must be shown between the injury and Claimant's work. Claimant testified that he received increased responsibility, worked long hours and participated in tension-filled labor negotiations. Witnesses for the employer disputed Claimant's testimony regarding his work activity and the scope of his responsibility. The referee specifically rejected Claimant's testimony on these points and accepted the testimony of witnesses for the

---

[1] In a workmen's compensation case where the party with the burden of proof did not prevail below, review by this Court is limited to whether the findings of fact are consistent with each other and with the conclusions of the law and can be sustained without capriciously disregarding competent evidence. *Aversa v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 611, 614, 439 A.2d 1269, 1270 (1981).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

employer as the more credible. Credibility of witnesses is exclusively a function of the factfinder.[3]

Claimant has advanced the argument that job stress at work precipitated his heart condition. In a case such as this, where no obvious causal relationship exists between the Claimant's injury and his work, claimant bears the burden of proving the causal connection through unequivocal medical tsetimony. *Rosenberry Bros. Lumber Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 283, 287, 387 A.2d 526, 527-28 (1978). Unequivocal medical testimony has been described as medical testimony that establishes, ''not that the injury or condition might have, or even possibly did, come from the assigned cause but that, in [the expert's] professional opinion, the result in question did come from the assigned cause.''[4] Claimant has offered no such opinion. Indeed, the only medical opinion proffered by the Claimant on the issue of causation was a physician's reply to a hypothetical question, where the hypothetical covered three pages of testimony and contained numerous disputed facts.[5]

The Employer's medical witness on the other hand, interpreted Claimant's medical history differently, finding no record of any heart attack, as opposed to a finding of two previous attacks by Claimant's medical witness. Instead, the Employer's medical witness testified that there was a progressive deterioration of

---

[3] Where the Board takes no additional evidence, as in the case at bar, the referee is the ultimate fact finder and is charged with assessing the credibility of witnesses and weighing the evidence. *Aversa,* 63 Pa. Commonwealth Ct. at 615, 439 A.2d at 1270.

[4] *Gunther v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 487, 490, 444 A.2d 1342, 1343 (1980), *quoting from, American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 596, 377 A.2d 1007, 1010 (1977).

[5] Deposition of Dr. Jay H. Davidson, pp. 7-11.

Claimant's heart which was aided by Claimant's smoking history. The referee was free to choose between conflicting medical testimony,[6] and such choice by the referee does not amount to a capricious disregard of competent evidence.[7]

Claimant relies upon *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981), to support his claim that stress-induced heart disabilities are compensable injuries under the Act.

Cognizant of *Krawchuk's* teachings, we believe the case at bar is clearly distinguishable. In *Krawchuk* the treating cardiologist gave his unequivocal medical opinion that the Claimant's heart attack was causally related to stress at his place of employment; that his condition was aggravated by a special employer project; and that the unusual strain and activities at work were the direct cause of Claimant's condition. The claimant in *Krawchuk* was in fact stricken by a heart attack while working on his employer's project at home.

Here the referee specifically found that Claimant did not suffer any heart attack but that his illness resulted from a natural progression of arterioscleriosis, which was aggravated by Claimant's smoking history. Claimant's responsibilities were found not to be as onerous as he claimed and his participation in labor negotiations was exaggerated, his role being essentially passive in nature. In addition, there remains the absence of any clear medical opinion supporting Claimant's contention that his disability and his work are related. The factual dissimilarities between the two cases demonstrate Claimant's misplaced reliance on *Krawchuk*.

---

[6] *Grimm v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 582, 585, 434 A.2d 879, 881 (1981).

[7] *Redmond v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 162, 164, 420 A.2d 766, 768 (1980).

Having concluded that Claimant failed to establish the requisite causal link between his heart condition and his employment, we need not address ourselves to the question of notice, and therefore affirm the decision of the Board.

ORDER

AND Now, May 31, 1984, the decision of the Workmen's Compensation Appeal Board, No. A-84031, is hereby affirmed.