578 A.2d 83

NORTHEASTERN HOSPITAL, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(TURIANO), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 1990.

Decided July 23, 1990.

David P. Rovner, with him, Jack T. Ribble, Jr., German, Gallagher & Murtagh, P.C., Philadelphia, for petitioner.

Margaret G. Turiano, pro se.

Before PALLADINO and McGINLEY, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Northeastern Hospital (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting Margaret G. Turiano (Claimant) benefits. For the reasons that follow, we affirm.

Claimant filed a claim petition on November 5, 1986, alleging that her work caused her to take an early maternity leave. After completing a mandatory overtime shift which involved heavy lifting, Claimant claims that she sustained premature labor contractions resulting in preterm labor rendering her bedridden for the remainder of her

pregnancy. Claimant is seeking compensation from the time she was bedridden until her scheduled maternity leave was to commence. A hearing was held, after which the referee made the following pertinent findings of fact:

10. The Referee finds the testimony of Claimant's treating physician, Dr. Hester M. Sonder, M.D., by reports dated July 3, 1986 and October 27, 1986 was competent, credible, convincing and with a reasonable degree of medical certainty when he (sic) opined that Claimant's premature labor was due to excessive standing and long working hours which caused her uterus to become irritable and caused preterm labor which therefore, caused her to take an early leave of absence from work.

11. The Referee finds the testimony by report of Valerie Bossard, M.D., to be competent, credible, convincing and with a reasonable degree of medical certainty when she opined that Claimant's hospitalization at Northeastern Hospital of Pennsylvania for (sic) June 1, 1986 to June 14, 1986 for preterm labor ruled out medical reasons other than lack of needed bed rest, which was prescribed after discharge.

12. The Referee does not find the testimony by report of Paul S. Copit, M.D., to be competent or convincing compared to the testimony of Dr. Sonder and Dr. Bossard.

The referee found that Claimant suffered a work-related injury and ordered compensation from June 6, 1986 to August 1, 1986. Employer appealed to the Board which, without taking additional evidence, affirmed.

On appeal to this court,[1] Employer raises the following issues: 1) whether Claimant's preterm labor condition is a compensable injury; and 2) whether the referee improperly disregarded the medical testimony of Dr. Copit (Copit).

Employer initially argues that Claimant's medical condition did not arise in the course of her employment but was

1. Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed or whether findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

the result of, and was related to, Claimant's voluntary and conscious decision to become pregnant. Therefore, Claimant's medical condition is not an "injury" under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), which reads as follows:

(1) The terms "injury" and "personal injury", as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto....

In workmen's compensation cases, the claimant has the burden of proving that an injury arose in the course of employment and was causally connected with the claimant's work. *Karsaba v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.),* 71 Pa. Commonwealth Ct. 303, 454 A.2d 682 (1983). The referee is the ultimate fact-finder where the Board takes no additional evidence, and the findings will not be disturbed when they are supported by substantial, competent evidence. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981). In cases requiring medical testimony, competent evidence means unequivocal testimony. *Evans v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.),* 87 Pa. Commonwealth Ct. 436, 487 A.2d 477 (1985).

The referee accepted as credible and competent the testimony of Claimant that she felt and sustained premature labor contractions after working overtime, lifting patients, and going without regular rest breaks. In addition, Claimant offered the testimony of Dr. Hester M. Sonder (Sonder) and Dr. Valerie Bossard (Bossard), establishing that it was the conditions of Claimant's employment which caused the preterm labor. The referee accepted the testimony of Sonder and Bossard as competent and credible, and found that Claimant was injured in the course of her employment. After reviewing the record we conclude that

Sonder's and Bossard's testimony was unequivocal and supports the referee's findings.

As to the second issue, Employer argues that the referee improperly disregarded the medical opinion of Copit who testified that nothing in current medical science supports the idea that standing or other vocational physical activity can cause preterm labor. The referee, as fact-finder, is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa. Commonwealth Ct. 327, 511 A.2d 905 (1986). Therefore, it was within the referee's discretion to reject Copit's testimony.

Accordingly, we affirm.

## ORDER

AND NOW, July 23, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.