Harrisburg Railways Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Vladimir Karabcievscy, Appellees.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*John Havas*, with him *Shearer, Mette, Hoerner & Woodside*, for appellant.

*William J. Kerpan*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, March 3, 1975:

On July 27, 1971, Vladimir Karabcievscy (claimant), while in the course of his employment with the Harrisburg Railways Company (employer), fell off a parked truck and suffered an injury to his back. On September 8, 1971, claimant and employer executed a compensation agreement, the terms of which provided that claimant was to be paid medical and hospital expenses and the sum of $60 each week from August 3, 1971, during an indefinite period, for disability resulting from the accidental injury of July 27, 1971.

On December 18, 1972, following employer's petition requesting the Workmen's Compensation Appeal Board

(Board) to order claimant to submit to hospitalization and further physical examination to determine whether or not his poor physical condition was related to his accident, the Board ordered claimant to submit to hospitalization for orthopedic and vascular evaluations. The claimant did not comply with this order and, on January 24, 1973, the employer filed a petition for termination of the compensation agreement. A referee held hearings on this petition on April 30, 1973 and May 31, 1973, at which claimant's wife testified that her husband was physically unable to comply with the Board's order of December 18, 1972.

*On August 3, 1973, prior to any further action or rulings, claimant died.* On December 13, 1973, the referee suspended compensation payments due claimant, as of April 30, 1973, because claimant had been in violation of the Board's order to submit to hospitalization. By an amended order dated January 14, 1974, the referee suspended compensation payments due claimant, as of April 3, 1973. On January 17, 1974, an attorney for claimant's wife filed an appeal with the Board from the referee's two orders of suspension. By order of May 23, 1974, the Board rescinded its December 18, 1972 order requiring claimant to submit to hospitalization and evaluation and directed that "compensation pursuant to the compensation agreement be paid from April 30, 1973 to August 3, 1973, the date of death of claimant, and that said payments be made to the widow of claimant." This appeal by the employer followed and we affirm.

Section 314 of The Pennsylvania Workmen's Compensation Act[1] requires an injured employe to submit himself for physical examination and provides that refusal to do so, without reasonable cause or excuse, shall deprive him of the right to compensation. Under this section, an order requiring further physical examination is a matter for the sound discretion of the compensation authorities, and

---

1. Act of June 2, 1915, P.L. 736, Art. III, §314, *as amended*, 77 P.S. §651 (Supp. 1974-75).

nothing less than a manifest abuse of that discretion will justify the interference of the court. *Roach v. Oswald Lever Co.,* 274 Pa. 139, 117 A. 785 (1922; *Bostic v. Dreher,* 206 Pa. Superior Ct. 257, 213 A. 2d 118 (1965).

A careful review of this record discloses a factual situation indicating that claimant was unable to clothe or care for himself and did not leave his home from June 1972 until his death. We merely hold here that, where the claimant died prior to a ruling of the compensation authorities suspending his compensation benefits, such benefits cannot be suspended on the basis of a Board order *which is rescinded by the Board.* We do not view this rescission to be such a manifest abuse of discretion by the Board as to justify our interference.

Accordingly, we enter the following

ORDER

And now, this 3rd day of March, 1975, the May 23, 1974 order of the Workmen's Compensation Appeal Board, relative to Vladimir Karabcievscy, deceased, is hereby affirmed.