314

Pasquale Grande, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Publicker Industries, Inc., Respondents.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE sitting as a panel of three.

*David N. Feldman,* for petitioner.

*David L. Pennington,* with him *Harvey, Pennington, Herting & Renneisen, Ltd.,* for respondent.

OPINION BY JUDGE BLATT, June 8, 1979:

Pasquale Grande (appellant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which directed him to submit to a medical examination pursuant to a petition filed by his former employer, Publicker Industries, Inc. (employer).

The appellant, who was injured in the course of his employment on January 24, 1972, began receiving workmen's compensation benefits effective January 25, 1972, pursuant to an agreement with the employer. A supplemental agreement was later entered into by the appellant and the employer to the effect that benefits would cease being paid effective September 20, 1972, because the appellant had resumed employment and was no longer sustaining a loss of earnings. A second supplemental agreement was negotiated about a year later, however, wherein the employer agreed to resume compensation payments because the appellant had again become disabled on September 11, 1973.

From the time of the accident in 1972 until the filing of this petition, the appellant has been under the constant care of physicians because of his injury. In December of 1976, the physicians who had been treating him recommended to the employer's insurance carrier that he be examined by a Dr. Rosillo, a psychiatrist who specializes in cases such as the appellant's. The appellant claimed that he attempted unsuccessfully to see Dr. Rosillo and did in fact see an associate. The employer, however, denied any knowledge of attempts by the appellant to see Dr. Rosillo and petitioned the Board to direct him to do so. After communications with counsel for both parties, the Board granted the employer's petition on August 10, 1977 and ordered the appellant, pursuant to Section 314 of The Pennsylvania Workmen's Compensation Act[1] to be examined by Dr. Rosillo. This appeal followed.

The case law is clear that, "an order [pursuant to Section 314] requiring further physical examination is a matter for the sound discretion of the compensation authorities, and nothing less than a manifest abuse of that discretion will justify the interference of the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §651.

court." *Harrisburg Railways v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 485, 487-88, 333 A.2d 221, 222-23 (1975). After a careful review of the record, we can find no such abuse of discretion by the Board and its order must therefore be affirmed.

ORDER

AND Now, this 8th day of June, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned case is hereby affirmed.