DeBaldo Brothers, Inc. and Continental Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Thomas Tanski, Respondents.

Argued December 3, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Raymond F. Keisling,* of *Will & Keisling,* for petitioners.

*Thomas P. Geer,* for respondents.

OPINION BY JUDGE BLATT, March 7, 1980:

DeBaldo Brothers, Inc. (employer) appeals here from an order of the Workmen's Compensation Ap-

peal Board (Board) which affirmed an award of benefits to Thomas Tanski (claimant). The employer argues (1) that the claimant did not produce competent evidence to support an award and (2) that a doctor's report was improperly admitted into evidence over objection.

The claimant operated heavy equipment in the course of his employment, and, while he was required to take orders from customers, he testified that he was frequently subjected to intervening and contravening orders from his employer. During the summer of 1976 he was required to operate two different pieces of heavy equipment, which was an unusual and stressful assignment for him, and in September of that year he consulted his physician, Dr. William J. Tiegel, complaining of blurred vision, esophagus spasms resulting in problems in eating and breathing, chest and stomach pains, fatigue, and weight loss. On October 5, 1976, he was told by his employer to disobey the orders of a customer and to leave a job site where he believed that he should have remained. An argument ensued involving the employer, the customer and the claimant, who, as a result, became what he described as "a nervous wreck." He again saw his physician on the day following and was told to take a major tranquilizer. This, of course, prevented the safe operation of heavy equipment, and the physician advised him against any further exposure to work-generated stress. The claimant, therefore, did not return to work until December 20, 1976, and when he applied for workmen's compensation benefits, such were awarded.

The employer argues first that the certificate of Dr. Tiegel offered in evidence was equivocal and therefore not competent to support the finding of an injury. Having examined the certificate, however, we believe that it was sufficiently definite as to the cause

of the claimant's injury. In fact, it concluded in regard to the claimant's condition that "the only viable alternative appeared to be some sort of leave of absence of disability. He simply had to be removed from that work situation." We also note that we have already held that a work-related nervous disability is a compensable injury within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411. *University of Pittsburgh v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 347, 405 A.2d 1048 (1979). In addition, we believe that the certificate, relating as it did to a claim for approximately eleven weeks of disability, was properly admitted under Section 422 of the Act, 77 P.S. §835, which provides in part:

Where any claim for compensation at issue before a referee involves twenty-five weeks or less of disability, either the employe or the employer may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of the condition, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.

We must therefore affirm the order of the Board.

ORDER

AND Now, this 7th day of March, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed. Judgment is entered in favor of Thomas Tanski and against DeBaldo Brothers, Inc., and its insurer, Continental Insurance Company. The employer and/or its insur-

er are ordered to pay the claimant compensation at the rate of $160.00 per week for a period of 10 and 5/7 weeks and to reimburse the claimant as follows:

For payment to William J. Tiegel, M.D.    $ 32.00

For payment to William J. Tiegel, M.D.    $ 25.00

For payment to Medical Center Pharmacy    $ 35.00

R. H. Smith, Jr., M.D., for x-rays, Paid by Blue Shield    $103.00

Attorney's fees shall be deducted from the claimant's award in the agreed-upon amount. Compensation to bear interest at the rate of 10%.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.