Mrs. Smith Pie Company and The Atlantic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Melvin L. Wise, Respondents.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Susan McLaughlin,* with her *David L. Pennington, Harvey Pennington, Hertig & Renneisen,* Ltd., for petitioners.

*Marc S. Jacobs,* with him *Ronald J. Artigues,* of counsel, *Galfand, Berger, Senesky, Lurie and March,* for respondents.

OPINION BY JUDGE ROGERS, March 4, 1981:

Mrs. Smith Pie Company and its insurer, Centennial Insurance Company[1] (Mrs. Smith), have appealed from two orders of the Workmen's Compensation Appeal Board (Board). The appeals have been consolidated for briefing, argument and disposition. We affirm.

On February 23, 1973, Melvin L. Wise was injured in the course of his employment with Mrs. Smith when oven cleaning acid splashed in his eyes, resulting in the complete loss of vision in Wise's right eye. On March 14, 1974, Wise filed a claim petition for benefits for the permanent loss of his right eye pursuant to Section 306(c) of The Pennsyl-

---

[1] Centennial Insurance Company is a member of the Atlantic Companies.

vania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513 (Act). A hearing was held on September 13, 1974, before Referee Clement J. Cassidy, at which Wise testified. Referee Cassidy continued the hearing until April 14, 1975, when Wise introduced the deposition of Dr. Aaron W. Mallin, a Board certified psychiatrist and neurologist. Dr. Mallin's unequivocal testimony was that there is no physiological basis for Wise's condition but that the blindness in his right eye is a product of a psychological hysterical conversion directly related to the accident on February 23, 1973. Dr. Mallin also testified that Wise's blindness is permanent. Referee Cassidy again continued the hearings until March 8, 1976.

Mrs. Smith did not offer any testimony or adduce any evidence at either the September 13, 1974, or the April 14, 1975, hearing. However, on August 14, 1975,[2] Wise was examined at the request of Mrs. Smith by Dr. Nathan Schlezinger. Based on this examination, Dr. Schlezinger agreed with Dr. Mallin that Wise's blindness was psychological; however, Dr. Schlezinger concluded that further tests conducted in a hospital would be necessary in order to ascertain whether or not Wise's blindness was permanent.

Mrs. Smith took no action on Dr. Schlezinger's report until the March 8, 1976, hearing, when it asked Referee Cassidy for a further continuance so that it might take and offer Dr. Schlezinger's deposition for the record and in addition petition the Board for an order that Wise be hospitalized for further testing and treatment. Referee Cassidy refused the continuance on the ground that Mrs. Smith had had sufficient time in which to depose Dr. Schlezinger and to

---

[2] Some of the dates and characterizations of the proceedings contained in Mrs. Smith's brief do not correspond to the record.

petition the Board. Referee Cassidy then closed the record and on February 16, 1978, issued an opinion with an order awarding benefits to Wise for the permanent loss of his right eye. The Board, without taking additional evidence, affirmed the award by order dated January 7, 1980.

On May 25, 1976, more than nine months after Dr. Schlezinger had examined Wise and more than two months after Referee Cassidy had closed the record, Mrs. Smith filed a petition with the Board seeking an order directing Wise to submit to hospitalization for testing and treatment. The Board first granted the prayer of the petition but then vacated that order on Wise's objection. The Board then referred the petition to Referee Carl M. Lorine for a hearing, which was held on March 10, 1977. Dr. Schlezinger testified at this hearing that he wanted to hospitalize Wise for ten days to two weeks in order to perform certain tests, including the intravenous administration of a narco-hypnotic drug called tincture valerian, which Dr. Schlezinger described as "the most horrible, putrid stuff you ever saw." Dr. Schlezinger stated that the purpose of this drug is to make the patient suffer, thereby diminishing his repressed feelings of anger and aggression. Dr. Schlezinger also testified that the drug had been removed from hospital use because it is so acrid. Finally, Dr. Schlezinger stated that his treatment of Wise might or might not effect a cure of his blindness. Referee Lorine issued an opinion and order dated January 11, 1978, denying the prayer of Mrs. Smith's petition. The Board, in an opinion and order dated January 4, 1980, affirmed Referee Lorine's determination.

Mrs. Smith first contends that the Board's affirmance of Referee Cassidy's award of benefits was erroneous because, as a matter of law, the loss of the use of an eye due to purely psychological condition

cannot be considered a permanent loss which would entitle a claimant to permanent loss benefits under Section 306(c) of the Act. We do not agree. A work-related nervous disability or mental illness is a compensable injury within the meaning of the Act. *De-Baldo Bros., Inc. v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 632, 411 A.2d 1277 (1980); *University of Pittsburgh v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 347, 405 A.2d 1048 (1979). Thus, blindness caused by hysterical conversion occasioned by a work-related accident is a compensable injury. Moreover, Referee Cassidy's finding that Wise's blindness is permanent is amply supported by the unequivocal and uncontradicted testimony of Dr. Mallin that, given Wise's intellectual and psychological make-up, there is no hope of recovery.

Mrs. Smith next contends that Referee Lorine and the Board erred in denying the prayer of Mrs. Smith's petition for hospitalization of Wise. Mrs. Smith correctly states that Section 314 of the Act, 77 P.S. §651, gives a claimant's employer the right to conduct one medical examination of a claimant, which in this case was done by Dr. Schlezinger on August 14, 1975. However, in the absence of a claimant's consent, subsequent examinations of a claimant may be obtained only upon petition to the Board, which may order the employee to submit to such further examinations which the Board deems reasonable and necessary. *Id.* Mrs. Smith says that its request for the hospitalization of Wise was reasonable and necessary.

The decision to order further examination of a claimant " 'is a matter for the sound discretion of the compensation authorities, and nothing less than a manifest abuse of that discretion will justify the interference of the court.' " *Grande v. Workmen's*

*Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 314, 315-16, 402 A.2d 315, 316 (1976) (quoting *Harrisburg Railways Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 485, 487-88, 333 A.2d 221, 222-223 (1975)). In the instant case, Mrs. Smith wished to subject Wise to extended hospitalization and to the administration of a "horrible [and] putrid" drug, which has been removed from use in hospitals and which would be of doubtful benefit to Wise. We do not believe that the refusal to allow these procedures was a manifest abuse of discretion.

Finally, Mrs. Smith contends that it was denied due process by Referee Cassidy's refusal to grant a continuance on March 8, 1976; by Referee Cassidy's issuance of an order awarding benefits to Wise prior to the disposition of Mrs. Smith's petition for hospitalization; and by the Board's refusal to remand the matter to Referee Cassidy for the introduction of Dr. Schlezinger's testimony when the Board denied the prayer of Mrs. Smith's petition for hospitalization.

We do not believe that either Referee Cassidy's refusal to grant Mrs. Smith a continuance for the taking of Dr. Schlezinger's deposition or the Board's refusal to remand the matter for the introduction of Dr. Schlezinger's testimony constituted a denial of due process. Due process requires, *inter alia,* that a party have the opportunity to present its case. Seven months elapsed from the time Dr. Schlezinger examined Wise until the March 8, 1976, hearing before Referee Cassidy. Mrs. Smith therefore had ample opportunity to depose Dr. Schlezinger prior to the March 8, 1976, hearing at which it could have offered the doctor's deposition. Balancing Mrs. Smith's desire to present Dr. Schlezinger's testimony against

the desire of Wise to have his claim decided with a reasonable dispatch, we are constrained to say that the latter consideration preponderates.

Similarly, neither Referee Cassidy's refusal to grant Mrs. Smith a continuance so that Mrs. Smith could petition the Board for the hospitalization of Wise nor Referee Cassidy's issuance of his order awarding Wise benefits prior to the disposition of Mrs. Smith's petition denied Mrs. Smith due process. Again, Mrs. Smith was aware for seven months prior to March 8, 1976, that further examination of Wise in a hospital would be necessary.

We also note that the Board disposed of Mrs. Smith's appeal from Referee Lorine's decision denying the prayer of the petition for hospitalization before it decided Mrs. Smith's appeal from Referee Cassidy's decision awarding benefits. If the Board reversed Referee Lorine's decision and granted the prayer of Mrs. Smith's petition for hospitalization, it undoubtedly would have vacated Referee Cassidy's award of benefits and remanded the matter back to Referee Cassidy for the receipt of Dr. Schlezinger's testimony and the results of his hospital testing of Wise. Instead, the Board affirmed Referee Lorine's denial of the prayer of Mrs. Smith's petition and we have held that this action was not an abuse of discretion. Hence, even if Referee Cassidy's refusal to grant a continuance and his issuance of an order prior to the disposition of the prayer of Mrs. Smith's petition for hospitalization was error, it was harmless.

Orders affirmed; an appropriate judgment order will be entered.

## ORDER

AND Now, this 4th day of March, 1981, the orders of the Workmen's Compensation Appeal Board dated

January 4, 1980, and January 7, 1980, are affirmed. It is ordered that judgment be entered in favor of Melvin L. Wise and against the defendants, Mrs. Smith Pie Company and its insurer, Centennial Insurance Company, for workmen's compensation benefits for the permanent loss of the claimant's right eye, in the amount of $97.32 per week for 285 weeks, beginning February 23, 1973, together with interest at the rate of ten per cent per annum on all deferred payments from the date due to the date paid. Defendants are further ordered to pay all medical expenses incurred by the claimant in the treatment of his right eye. Defendants are entitled to a credit for any payments already made to claimant for lost work time or for medical expenses. The defendants are further ordered to pay claimant's counsel fees in the amount of ten per cent of claimant's award, to be deducted by the defendants from claimant's award and to be paid by the defendants directly to claimant's counsel, Galfand, Berger, Senesky, Lurie & March.