John T. Connelly, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Buxmont Drywall Supply Co., Respondents.

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Thomas W. Murphy,* with him, *Arnold F. Laikin, Murphy, Murphy & Murphy, P.C.,* for petitioner.

*Michael E. McGilvery, LaBrum and Doak,* for respondent, Buxmont Drywall Supply Co.

OPINION BY JUDGE BLATT, August 13, 1981:

The appellant[1] appeals here from an order of the Workmen's Compensation Appeal Board (Board) granting the employer's[2] request that the claimant submit to a physical examination by a doctor of the employer's choice.

The appellant sustained a spinal injury in the course of his employment on September 20, 1975. He thereafter returned to work, but suffered a recurrence of his disability on or about October 5, 1977, after which he again returned to work. On December 28, 1977 he sustained a second recurrence which resulted in permanent disability. Following an orthopedic examination of the claimant on May 3, 1978 at the request of the employer, a Notice of Compensation Payable was filed on August 23, 1978 under which the claimant began receiving total disability benefits. The orthopedist had found the claimant to be "clearly disabled and permanently partially impaired" and urged that "every effort should be extended to rehabilitate him to useful gainful employment," stating that he "must seek vocational guidance to obtain a sedentary job with skilled or other uses of well preserved upper extremities." On or about November 1, 1979, the claimant refused the employer's request that he be examined by a specialist in rehabilatative medicine, whereupon the employer and its workmen's compensation carrier petitioned the Board to issue an order

---

[1] John T. Connelly.

[2] Buxmont Drywall Supply Company.

directing the claimant to submit to the medical examination. The Board granted the employer's petition on March 6, 1980 and this appeal followed.

Section 314 of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §651, requires that at any time after an injury the employee, upon the request of his employer, must submit himself for medical examination by a physician(s) of the employer's choice and provides that if the employee should refuse, the Board may, upon petition of the employer order him to submit to an examination. Section 314 of the Act further provides that:

> The Board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary. . . .

It is clear from the language of Section 314 of the Act that an initial medical examination of the claimant at the employer's request does not preclude the employer from all further medical examinations of the claimant. *Caggiano v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 524, 400 A.2d 1382 (1979). Further, it is well-established that "an order [pursuant to Section 314] requiring further physical examination is a matter for the sound discretion of the compensation authorities, and nothing less than a manifest abuse of that discretion will justify the interference of the court." *Grande v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 314, 315-16, 402 A.2d 315, 316 (1979) (quoting *Harrisburg Railways v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 485, 487-88, 333 A.2d 221, 222-23 (1975)).

In the absence, as here, of a manifest abuse of discretion by the Board this Court cannot interfere with the Board's order.

We, therefore, affirm the order of the Board.

ORDER

AND Now, this 13th day of August, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.