Barbara S. Smith, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Morrison B. Williams, Rudisill, Guthrie & Williams,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 4, 1981:

The petitioner, Barbara S. Smith, appeals a decision of the Unemployment Compensation Board of Review (Board) which denied benefits to her on the ground that she voluntarily terminated her employment without cause of a necessitous and compelling nature under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The petitioner had been employed on the clerical staff of the YWCA for 11 years when she was informed by letter that, due to a reorganization of the staff, her position was being eliminated, but that she could reapply for another clerical position at the same rate of pay. She declined the offer of a new position because she believed that her workload would be increased and she did not feel that she was capable of handling additional responsibilities. Her application for benefits was denied by the Office of Employment Security and the referee and, after a remand for the taking of additional evidence, the Board affirmed the referee's decision.

The petitioner contends that she had compelling cause to refuse the proffered new employment because the work was not suitable in that her workload would have been doubled. She said that the new job would have entailed duties which had previously been performed by two full-time staff persons.

For purposes of establishing whether or not an employee had necessitous cause for terminating employment, the question of the suitability of work is laid out in Section 4(t) of the Law, 43 P.S. §753(t):

> (t)  'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary profession, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, and the permanency of his residence.

In the present case, the Board found that the appellant's work-week in the new position would increase from 35 to 40 hours, that the rate of pay would be unchanged and that she had significant experience to handle the clerical work here involved. The Board concluded, after weighing all the factors, that the new position was suitable employment for the appellant.

The Board also found that the appellant did not make a good faith effort to preserve the employment relationship because she failed to accept the clerical position even on a trial basis, asserting merely that

she could not handle the increased responsibilities. In *Kownacki v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 309, 335 A.2d 868 (1975), this Court denied benefits to four women whose jobs were eliminated and who refused to accept other positions available to them, if they would have "bumped" other and less senior employees, because those claimants asserted that they were physically unable to perform the available work. We stated there that the claimants should have at least tried the new jobs and that their failure to do so reflected adversely on their good faith in maintaining the employment relationship. *See also, Suska Unemployment Compensation Case*, 166 Pa. Superior Ct. 293, 70 A.2d 397 (1950). We believe that the same rationale is applicable here. Despite the fact that the appellant may have been expected to take on some additional duties, there was no finding by the Board that her workload would actually have been doubled.[1] And, although the record implies that the employer here may have had some doubts as to the appellant's ability to perform the duties of the new position, a good faith offer was made to allow the appellant to try the job, and we believe that it was encumbent upon her to make such an attempt.

We will therefore affirm the order of the Board.

ORDER

And Now, this 4th day of September, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

[1] In *Mosebauer v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 269, 433 A.2d 591 (1981), this Court held that a custodial worker did not have compelling cause to quit her job when her employer doubled the size of the area she was to clean when the workday remained the same and there was a finding that she was given additional duties, but not that her workload was doubled or that it was even substantially increased.