William R. Evans, Petitioner *v.* Workmen's Compensation Appeal Board (Anchor Hocking Corporation), Respondents.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Paul T. Grater,* for respondent, Anchor Hocking Corporation.

OPINION BY JUDGE MACPHAIL, February 8, 1985:

William R. Evans (Claimant) appeals to this Court from an order of the Workmen's Compensation Ap-

peal Board (Board) which reversed the decision of the referee granting Workmen's Compensation benefits.[1] We affirm the Board's order.[2]

Anchor Hocking Corporation (Employer) hired Claimant on May 13, 1974 as an industrial engineer. He was under the direct supervision of senior industrial engineer Joseph P. Brisley and general supervisor Richard Lizza. From the start of his employment, Claimant's supervisors observed that Claimant experienced difficulty completing his work. In counseling sessions routinely held by Employer for all employees, the supervisors offered their assistance to Claimant.[3]

In April of 1975, Lizza told Claimant that he was not working up to his potential and that he was not communicating enough about his work. At no time did the supervisors threaten to fire Claimant or advise him that his job was in jeopardy. Immediately

---

[1] Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(1).

[2] In a Workmen's Compensation case, the referee is the ultimate finder of fact. Universal Cyclops Steel Corp. v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Although the Board did not hold that the referee's findings were unsupported by competent evidence, as is required to reverse the referee, Universal Cyclops, it held that the referee capriciously disregarded evidence in performing his fact finding function. We note that in performing our appellate function, we look to the referee's findings and decision and not to the reasons advanced by the Board in reversing that decision. This Court has held that where an administrative agency makes a correct ruling but assigns an erroneous reason for its action, we will affirm when the record clearly shows the correct basis for that decision. Hankinson v. Department of Public Welfare, 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981). See also Haney v. Workmen's Compensation Appeal Board, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).

[3] These counseling sessions between Employer and Claimant continued through July of 1977.

after this conversation, Claimant experienced difficulty sleeping because he feared he might lose his job.[4]

Nevertheless, Claimant continued in his position with Employer until April 7, 1976, when Claimant reported off from work. Claimant was subsequently hospitalized[5] under the care of Dr. Lebovitz, a psychiatrist. Claimant was diagnosed as in a severe agitated depression. After, treatment, including psychotropic drugs and shock therapy, Dr. Lebovitz recommended that Claimant return to work by June of 1977. Claimant worked from June 2, 1977 through July 25, 1977, when his illness recurred. Claimant reported off from work on July 26, 1977; Employer terminated his employment on August 6, 1977.

On August 10, 1977, Claimant filed a Workmen's Compensation petition, alleging that the stress of his job precipitated his "nervous condition," rendering him totally disabled as of April, 1976. After six hearings, the referee concluded that Claimant had proved he was totally disabled as a result of his "physical, mental and emotional injuries, which were work related." The Employer appealed the award of benefits to the Board, contending that the referee had committed an error of law in concluding that Claimant's disability was work related. The Board, without taking additional evidence, reversed, holding that the testimony indicated that Claimant suffered from a very poor marriage and that the referee capriciously disregarded this testimony. The Board concluded that the entire testimony clearly showed that Claim-

---

[4] Claimant also felt that his supervisors were "making fun" of him "in their own way" with their criticism.

[5] Claimant suffered a nervous breakdown but did not inform Employer of this condition when he reported off from work. His supervisors learned of this illness from Claimant's insurance forms.

ant's disability was not work related. The instant appeal by Claimant followed.

Because the Claimant, who had the burden of proof, prevailed before the referee and the Board took no additional evidence, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding by the referee was unsupported by substantial evidence. *Wool v. Workmen's Compensation Appeal Board (Wool's Block Works)*, 69 Pa. Commonwealth Ct. 276, 450 A.2d 1081 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Thomas v. Workmen's Compensation Appeal Board (Atlantic Refining Co.)*, 55 Pa. Commonwealth Ct. 449, 452, 423 A.2d 784 (1980).

The sum of Claimant's argument is that the Board was legally bound by the referee's finding that Claimant's stress was work-related, relying upon *Universal Cyclops*. However, *Universal Cyclops* made clear that the Board (and this Court) is bound by the referee's findings only when they are supported by competent evidence. *Burton v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 476, 431 A.2d 1164 (1981). In cases requiring medical testimony, competent evidence means that medical testimony which expresses unequivocality.[6] *Roeberg Enterprise,*

---

[6] "Unequivocal medical testimony" means that "as to facts which a claimant must prove by medical evidence, it is sufficient that [claimant's] medical expert, after providing a foundation, testify that in his professional opinion or that he believes or that he thinks the facts exist," *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 206, 465 A.2d 132, 135 (1983). The medical witness, however, must do more than testify that the claimant's condition "might have been" or "probably was" the result of claimant's work. *Philadelphia College of Osteopathic Medicine*, 77 Pa. Commonwealth

*Inc. v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 308, 400 A.2d 911 (1979). Where psychiatric injuries are involved,[7] their occurrence and cause must be adequately pinpointed. *Thomas (Atlantic Refining Co.)*, 55 Pa. Commonwealth Ct. at 455, 423 A.2d at 787. In particular, stress-related psychiatric disorders are compensable only when they are based on something other than normal working conditions.[8] *Id.; see also Thomas v. Workmen's Com-*

---

Ct. at 206, 465 A.2d at 134. Expert testimony must be reviewed in its entirety to determine if it expresses the unequivocality required. *Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979).

Unfortunately, the Board did not address itself to the issue of unequivocality. Equivocal medical evidence is not competent. Whether medical evidence is "equivocal and uncertain on the one hand or unequivocal and positive on the other" goes to the matter of competency. *Roeberg Enterprise, Inc.*, 42 Pa. Commonwealth Ct. at 310, 400 A.2d at 912. It is our duty to determine whether the medical testimony was unequivocal. *Id.*

[7] Mental illness can be a compensable illness if it arises in the course of employment and is related to it. *Hirschberg v. Workmen's Compensation Appeal Board*, 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984), but where there is no obvious causal relationship between a claimant's work and his illness, unequivocal medical testimony is necessary to establish the causal connection. *Kitchen v. Workmen's Compensation Appeal Board (Mesta Machine Co.)*, 73 Pa. Commonwealth Ct. 289, 458 A.2d 631 (1983).

[8] Claimant, in support of his broadly stated proposition that this Court has recognized the right to recover compensation for all mental disabilities, cites *Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 274, 426 A.2d 209 (1981), *DeBaldo Bros., Inc. v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 632, 411 A.2d 1277 (1980) ; and *University of Pittsburgh v. Perlman*, 49 Pa. Commonwealth Ct. 347, 405 A.2d 1048 (1980). These cases do not support such a broad assertion. In *Mrs. Smith Pie Co.*, we held that blindness caused by a hysterical conversion occasioned by a work-related accident was itself work-related and compensable under the Act. In *DeBaldo Bros., Inc.*, we determined that a nervous disability caused by an unusual assignment and the employer's frequent contravening orders was

*pensation Appeal Board (State Farm Insurance Co.),* 78 Pa. Commonwealth Ct. 274, 467 A.2d 430 (1983). In the instant case, Dr. Lebovitz testified that the "coup de grace" of Claimant's illness was what Claimant perceived to be "harassment" on the job. Dr. Lebovitz based his determination on the fact that Claimant "felt" that his job was being threatened. A review of the record, however, reveals that Claimant's fears were unfounded.

Claimant's supervisors did not tell him that his job was in jeopardy; they merely encouraged him to improve his performance. On cross-examination, Claimant himself testified that his supervisors never threatened him with the loss of his job. We have recently held that "an honest, but mistaken, perception of job harassment that aggravates a pre-existing anxiety neurosis and which results in disability, is not injury under Section 301(c) of the Act." *Hirschberg,* 81 Pa. Commonwealth Ct. at 583, 474 A.2d at 85. As we stated in *Thomas (Atlantic Refining Company),* 55 Pa. Commonwealth Ct. at 456, 423 A.2d at 788, "evidence of an employee's subjective reaction to being at work and being exposed to normal working conditions is [not] an injury under the Act." While work-related stress can be an injury under the Act, fear of losing one's job is not work-related stress for purposes of defining an injury. Dr. Lebovitz testified that the only problem with work Claimant discussed with him was his commute, a normal working condition. Therefore, we must conclude that the facts from which Dr.

work-related and compensable. In *University of Pittsburgh,* we held that mental stress generated by pressures of job responsibilities and the uncooperation of various departments within the job was a work-related mental illness. In these cases, we found competent and unequivocal medical testimony to support the conclusion that the disability was work-related.

Lebovitz based his opinion do not provide the foundation necessary for a finding of work relatedness. *Philadelphia College of Osteopathic Medicine.* Dr. Lebovitz's testimony is not legally competent to support a finding of work-related stress. Consequently, there is no substantial evidence to support the referee's finding that Claimant's injury was work-related. For the reasons stated, we affirm the denial of benefits.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-84594, dated June 6, 1983, is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.