549 A.2d 1352

Esther Papa, Petitioner *v.* Workmen's Compensation Appeal Board (Franklin Mint Corporation), Respondents.

Submitted on briefs August 23, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Barry Levin,* for petitioner.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondent, Franklin Mint Corporation.

OPINION BY JUDGE DOYLE, November 7, 1988:

Esther Papa (Claimant) petitions this Court for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying Claimant's compensation claim. We affirm the Board's order.

Claimant was hired by Franklin Mint Corporation (Employer) in May 1978 as a clerk in the "greenware" department, wherein porcelain products are manufactured. Her duties entailed typing, filing, answering the telephone and handling the payroll. Employer assigned an additional clerk, Peg Hladky (Hladky) to greenware in 1981. Her duties included the preparation of reports evaluating the performance of the workers actually engaged in manufacturing the porcelain products. The preparation of these reports, called "efficiencies," requires some basic mathematical calculations.

In February or March 1982, Employer consolidated the duties of both greenware clerks. Due to her seniority, Claimant was offered the position as the sole greenware clerk. As an alternative, Claimant was offered a clerical position in the product storage area, known also as the "cage." Claimant elected the greenware position and, because of that choice, she required training in the preparation of the efficiencies. The second clerk, Hladky, was to assume clerical duties in the product storage area after training Claimant.

During the following week, Hladky attempted to train Claimant in the preparation of the efficiencies.

Claimant could not easily grasp the concept involved and was further hampered because she took time off from work during that week. Thereafter, Hladky offered to split her time between greenware and the product storage area in order to provide Claimant with an additional week of training. Another employee spent two hours after work helping Claimant when she found Claimant crying due to the difficulties with the efficiencies.

Despite this additional effort, Claimant continued to experience problems with the efficiencies. On Friday of the second week of Claimant's training, she was offered, and she accepted, another position in the products storage area. She reported to this area on Monday of the following week. Later that week, Claimant complained of a headache and was sent home. She did not return to work thereafter.

Claimant subsequently filed a workmen's compensation petition alleging that she sustained a compensable injury arising in the course of, and related to, her employment due to harassment by co-workers and improper training. She further alleged that as a result of this harassment and improper training she suffered from disabling depression. After eleven hearings, the referee concluded that Claimant failed to meet her burden of proving by substantial competent evidence that she sustained a compensable injury within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1] Claimant appealed the referee's decision dismissing her claim petition to the Board. She alleged that the referee erred because she proved that her psychological problems stemmed from objective work events including new job responsibilities and harassment by co-workers, that events which occurred at her

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

work place were causally related to her psychological injury and that her injury was compensable. The Board concluded that the referee's findings of fact were based upon substantial evidence and affirmed his decision. This petition for review followed.

Our scope of review where evidence has been presented by both employee and employer is to determine whether the findings of fact are supported by substantial evidence and whether there has been a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Claimant presents two questions for our review: whether the referee's findings of fact are supported by substantial evidence, and whether the referee and the Board applied the correct legal standard.

In psychic injury cases the claimant must present unequivocal medical testimony that the injury occurred in the course of employment and was related thereto. *Bevilacqua v. Workmen's Compensation Appeal Board (J. Bevilacqua Sons, Inc.)*, 82 Pa. Commonwealth Ct. 511, 475 A.2d 959 (1984). Due to the highly subjective nature of the injury, it must be adequately pinpointed. *Id.*

The gravamen of Claimant's first argument is that the referee was bound to accept, as admissions binding on Employer, the medical testimony presented on Claimant's behalf by Employer's former staff physician and by a psychologist to whom Employer referred Claimant.[2] It is well settled, however, that in a work-

---

[2] Claimant advances an agency theory of sorts, arguing that both practitioners were employees of Employer and were thus acting within the course and scope of their employment when they evaluated Claimant. Thus, Claimant reasons, their testimony that Claimant sustained a job-related compensable injury is binding on

men's compensation case the referee is the ultimate finder of fact unless the Board takes additional evidence. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). It is equally well settled that the referee need not accept expert medical testimony, even though that testimony is uncontradicted. *See Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982). Therefore, it remains only for us to determine whether the referee's findings of fact were supported by substantial evidence.

In the instant case, Employer presented the testimony of one Dr. Grassi, a board certified psychiatrist, and of Dr. Grala, a doctor of psychology. The referee accepted as credible their testimony which indicated that Claimant did not suffer from any diagnosable psychiatric pathology which could reasonably be related to her work activities. Instead, the sum of their testimony indicated that Claimant was suffering from an emotional syndrome or a personality disorder characterized by her misinterpreting her environment as hostile. They testified that Claimant was unable to accept responsibility for her own limited intellectual capabilities (*i.e.,* her difficulty grasping the efficiencies) and that she thus misinterpreted events as threatening. Claimant thus reacted to her own inadequacies through the defense mechanism of looking to blame another for those inadequacies. Based on the testimony of these two witnesses, the referee found that the cause of Claimant's reaction was within herself, that she perceived her inability to master the efficiencies as an attack from without, and that

---

Employer as an admission. However, the fact that the physician who testified on Claimant's behalf had been employed by Employer, or that Employer referred Claimant to Claimant's psychologist, does not preclude the referee from exercising his role as the ultimate fact finder.

she was capable of reacting in such an abnormal manner even in a nonstressful and nontraumatic work environment such as that which existed at Employer's premises at all times relevant to this matter. Although Claimant presented medical evidence which supported her position, the referee, as was his province, rejected it.

Based upon the evidence, the referee found that Claimant was not reacting psychologically to any real changes in her job responsibilities but was instead reacting to imagined employment events which did not exist in her work environment. We believe that the referee's findings of fact are supported by substantial evidence and that he properly concluded that Claimant failed to prove that she sustained a compensable injury within the meaning of the Act.

The second issue presented for our review is whether the referee and the Board applied an incorrect legal standard in denying Claimant's claim. Claimant contends that *Bevilacqua* is controlling and that the referee should have considered the evidence of a significant change in Claimant's job responsibilities as sufficient to establish that Claimant's working conditions were not normal and that the employment event which precipitated her stress was real rather than perceived. Both the referee and the Board correctly determined, however, that *Bevilacqua* is not controlling.

In that case, Bevilacqua experienced depression, anxiety and mental confusion as a result of assuming his father's job, a position of greater responsibility than he had formerly held. He became increasingly unable to perform his daily job functions, and, although his uncles, for whom he worked, did not pressure him to do more work, he felt that he was not performing in a satisfactory manner. Eventually, he became totally disabled and was forced to discontinue his employment. Medical testimony found credible by the referee established that

the change in duties in the family business caused Bevilacqua's total mental disability. In the instant matter, Claimant's medical witnesses identified harassment and improper training as the source of Claimant's mental disability. The referee, however, rejected that evidence. It was within his role to do so.

We believe that it is not *Bevilacqua,* but rather *Evans v. Workmen's Compensation Appeal Board (Anchor Hocking, Co.),* 87 Pa. Commonwealth Ct. 436, 487 A.2d 477 (1985), that controls here. We held therein that an employee seeking workmen's compensation benefits for a stress-related psychiatric disorder must establish by competent medical testimony that the disorder was based upon something other than normal working conditions. We also held that an honest, but mistaken perception of job harassment and an unfounded fear by the employee that his job was in jeopardy constituted an insufficient basis for a finding that the disorder was job related.

The facts of *Evans* and the case *sub judice* are substantially alike. Evans mistakenly perceived that he was being harassed and that his job was being threatened. As a result, he suffered severe depression and a nervous breakdown. Medical testimony established that Evans' fears were unfounded and originated in his misperceptions. Here, as in *Evans,* Claimant's *misperceptions* of harassment and improper training aggravated her pre-existing personality disorder and caused her disability. However, this is not a compensable injury under Section 301(c).

We believe that the referee's findings of fact are supported by substantial evidence, and that the Board, in affirming the referee's decision, correctly applied the proper legal standard in denying Claimant compensation. We therefore affirm the Board.

### ORDER

Now, November 7, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.