John M. Selelyo, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued January 30, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Frank J. Selelyo* and *Mary A. Selelyo,* assisting petitioner.

*Robert B. Hoffman,* Assistant Attorney General, for respondent.

OPINION BY JUDGE DISALLE, March 10, 1978:

This petition for review concerns an adjudication and order of the Department of Public Welfare (DPW) dated November 16, 1976, finding John M. Selelyo (Petitioner) liable to the DPW for the cost of his care while Petitioner was a resident at the Polk State School and Center (Polk).

The Petitioner, a voluntary resident at Polk, was sent a notice of assessment in the amount of $2,756.35 in accordance with Section 501 of the Mental Health and Mental Retardation Act of 1966 (Act), Act of October 20, 1966, Special Sess., P.L. 96, *as amended,* 50 P.S. §4501. This assessment was for Petitioner's care and maintenance at Polk during the period from June 1974 through November 1975. The notice to Petitioner advised him he could seek a review of this liability assessment from the Secretary of Public Welfare (Secretary). This review is provided under Section 504 of the Act, 50 P.S. §4504, which also permits the Secretary to abate or modify the assessed liability.

The Petitioner requested a review of the assessment by the Secretary, who affirmed the decision. Petitioner then requested an administrative hearing to consider the propriety of the assessment. The Petitioner received notice of the hearing date, but neither Petitioner nor his representative appeared at the hearing on October 29, 1976. The hearing had been scheduled originally for October 5, 1976, but the Petitioner requested a postponement.

After hearing the evidence presented by the DPW, the hearing examiner, in his adjudication, reduced the assessment against Petitioner from $2,756.35 to $1,538.10. This significant adjustment in Petitioner's liability resulted from the application of new DPW regulations promulgated on September 25, 1976.

Even though Petitioner did not appear and participate at the hearing, he appealed the hearing examiner's adjudication and order to this Court.

The determination of individual liability for mental retardation services is governed by Sections 501 and 504 of the Act, 50 P.S. §§4501 and 4504, and the regulations promulgated thereunder. A careful review of the Act, the regulations implementing the Act, and the record, clearly establish that the liability assessed against the Petitioner was lawful and properly computed. Petitioner was liable for his care and maintenance at Polk under Section 501 of the Act and the amount of the liability was properly assessed on a per diem basis under the DPW regulations implementing Section 504(d) of the Act. *Department of Public Welfare v. Wieand*, 26 Pa. Commonwealth Ct. 179, 362 A.2d 1108 (1976).

It is to be noted that our holding here does not contravene the ruling in *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973) as interpreted by this Court in the cases of *Good v. Wohlgemuth*, 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974) and

*Wohlgemuth v. Armacost*, 18 Pa. Commonwealth Ct. 394, 336 A.2d 455 (1975). *Philpott* posits that Section 207 of the Social Security Act, 42 U.S.C. §407 which provides that "none of the moneys paid or payable . . . under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . .", is fully applicable to the States. The record does not disclose whether Petitioner was receiving benefits protected by this section of the Social Security Act. Assuming, arguendo, that Petitioner was receiving protected benefits, this action to establish liability is not a suit brought to subject his benefits to "execution, levy, attachment, garnishment or other legal process." *Philpott* does not prohibit a State from establishing liability, nor does it prevent the State from becoming a creditor of Petitioner. It merely precludes the State's use of legal process to collect its claim from the protected benefits.

This Court must affirm the adjudication of the DPW if the necessary findings of fact are supported by substantial evidence, the adjudication is in accordance with law and the Petitioner's constitutional rights have not been violated. *Earley v. Department of Public Welfare*, 13 Pa. Commonwealth Ct. 17, 317 A.2d 677 (1974).

We conclude that Petitioner's liability for care and maintenance at Polk was properly computed, and the procedures and standards set forth in Section 504 of the Act were met. We detect no error of law or violation of constitutional rights, and hold that there is substantial evidence to support the DPW's findings of fact. Accordingly, we affirm.

ORDER

AND Now, this 10th day of March, 1978, the order of the Department of Public Welfare dated November 16, 1976, is affirmed.