Sylvia Weiss, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

354

*Janet A. Conser,* for petitioner.

*Jules S. Henshell,* Assistant Counsel, with him *Howard Ulan,* Assistant Attorney General, for respondent.

Opinion by President Judge Crumlish, Jr., October 3, 1983:

Sylvia Weiss appeals a Public Welfare Department order upholding a hearing examiner's decision to deny her appeal of a liability assessment notice. We remand.

Sylvia Weiss is the mother of Mitchell Weiss, a patient at Retreat State Hospital. The Department notified Sylvia of a $99 liability assessment against Mitchell's $198 monthly social security benefit. Sylvia, as Mitchell's representative payee, sought abatement or modification of the assessment, but it was denied.

The party requesting abatement or modification of a liability assessment bears the burden of proving the existence of grounds showing the necessity for it. *Tartaglia v. Department of Public Welfare,* 52 Pa. Commonwealth Ct. 579, 416 A.2d 608 (1980). Where that party has failed below, our scope of review is limited to a determination of whether the party's con-

stitutional rights were violated, whether the adjudication is consonant with the law, and whether the hearing examiner's factual findings can be upheld without capricious disregard of competent evidence. *Powell v. Department of Public Welfare,* 72 Pa. Commonwealth Ct. 156, 455 A.2d 1287 (1983).

Weiss contends that the hearing examiner legally erred by not considering Section 504 of the Mental Health and Mental Retardation Act of 1966[1] as a basis for granting abatement or modification. She avers that Section 504 provides ''that an abatement should be imposed if 'a substantial hardship upon the mentally disabled would result.' '' This is incorrect. Section 504 provides, in part, as follows:

Powers of secretary to determine liability and establish criteria

(a) Whenever any person receives a service or benefit at any facility under this act wholly or in part at public expense, the secretary is hereby authorized and shall have the power, subject to the approval of the Attorney General, to determine the extent of liability imposed under sections 501 or 502, and to abate, modify, compromise or discharge the liability so imposed provided:

(1) He is satisfied that the imposition of such liability would: . . . (ii) result in a substantial hardship upon the mentally disabled person. . . .

This language clearly only empowers, rather than requires, the secretary to grant relief from liability under the circumstances described therein. This fact is made even plainer by Section 504's subsection (d),

---

[1] Section 504 of the Act of October 20, 1966, Special Sess. No. 3, P.L. 96, 50 P.S. §4504.

which provides that "[i]n exercising the powers herein conferred, the secretary by regulation, approved by the Governor, should establish criteria by which the extent of such liability shall be determined. . . ."[2]

Weiss also contends that the referee capriciously disregarded evidence of one of the standards for abatement or modification established by the Department under authority of Section 504(d)—extraordinary circumstances meriting special consideration. 55 Pa. Code §5405.31.[3] We must disagree. The primary hardship Weiss alleges the liability assessment will cause is that she will be unable to take her son on as many home visits and outings as she has in the past, thus impairing her ability to give her son some semblance of a normal family life. While we sympathize with and admire Weiss' efforts on her son's behalf, as did the hearing officer, we are unable to say that her difficulties are extraordinary.[4]

Weiss further contends that her son's absence from the hospital for several days in certain months should lead to a proration of liability and, thus, modification of the assessment. The relevant departmental regulation provides:

> If the client's . . . liability is less than the cost of providing services for that month, the billing

---

[2] Section 501 of the Act also mandates this conclusion. It provides that

> [w]henever public funds are expended under any provision of this act on behalf of a mentally disabled person, the governmental body expending such funds may recover the same from such person *subject to the regulations of the department.* . . .

50 P.S. §4501.

[3] 6 Pa. B. 2398-2399, September 25, 1976.

[4] Weiss further avers that these problems will nullify the results of the treatment afforded her son. There is, however, no basis for this averment in the record.

shall be for the amount of the maximum liability. Liability for residential service shall be prorated if the client is in residence for less than 15 days during the calendar month. 55 Pa. Code §5402.2.[5] There is no indication in the hearing officer's decision, however, that he ever considered this issue and a remand is therefore required for the purpose of enabling him to do so.

Remanded.

## ORDER

The order of the Department of Public Welfare, Office of Hearings and Appeals, dated May 6, 1980, is hereby vacated and the matter is remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

---

[5] 6 Pa. B. 2397, September 25, 1976.